USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/29/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARMELITA M. DESIDERIO,

Plaintiff,

-against-

JOY G. HARRISON, M.D., and 266 9th STREET
LLC,

Defendants.

26-MC-00131 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

On July 2, 2025, Plaintiff Carmelita M. Desiderio obtained a $4,967,285.95 default judgment in the District Court for the District of New Mexico against Defendant Joy G. Harrison, M.D. Dkt. No. 5-3. Plaintiff filed this action on March 27, 2026, against Harrison and Co-Defendant 266 9th Street LLC, seeking recognition of the default judgment. Plaintiff moved on an emergency basis for an order to show cause on June 11, 2026. Dkt. No. 5. According to a declaration attached to the motion, Plaintiff seeks turnover of Harrison's interest in 266 9th Street LLC under Federal Rule of Civil Procedure 69(a) and N.Y. CPLR §§ 5525(a) and (b), or a charging order of Harrison's interest in the LLC. *See* Dkt. No. 5-2 ¶¶ 9–20. Plaintiff also seeks a temporary restraining order and preliminary injunction "directing Defendant to immediately freeze and not permit any property, including funds or ownership interests, to be paid, transferred, conveyed, disbursed, dissipated, assigned, or otherwise disposed of from 266 9th Street pending further order of the Court." *Id.* ¶ 21. The declaration affirms Plaintiff served an Information Subpoena and Restraining Notice on Defendants, but Defendants have not responded. *Id.* ¶¶ 26–27. Plaintiff filed a similar motion on June 25, 2026. Dkt. No. 7. The Court also notes that, in the District of New Mexico action, Harrison moved on May 28, 2026, to vacate the default judgment, arguing service was improper and Harrison only learned of the

lawsuit when Plaintiff registered the foreign judgment in Kings County Supreme Court. *See Desiderio v. United States*, No. 23-CV-00057 (WJ) (KRS), Dkt. No. 117 (D.N.M. May 28, 2026).

Plaintiff's motion for a preliminary injunction and temporary restraining order is DENIED. To receive either remedy, a plaintiff must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008) (the "*Winter* Factors"). The Supreme Court has recently re-affirmed the primacy of these factors before a court may award injunctive relief. *Starbucks Corp. v. McKinney*, 602 U.S. 339, 346 (2024). Fatal to her motion, Plaintiff has briefed the wrong legal standard. *See* Dkt. No. 5-2 ¶ 22. Accordingly, the Court may not award the "extraordinary remedy" of a temporary restraining order or preliminary injunction. *Winter*, 555 U.S. at 24. Regardless, the Court would deny the motion in any event, as Plaintiff has an "adequate remedy at law in the form of a restraining notice pursuant to Federal Rule of Civil Procedure 69 and CPLR § 5222(b)." *Teamsters Local 45 Pension v. CRL Transportation, Inc.*, 2020 WL 3619048, No. 18-CV-2056 (KMK), at *9 (S.D.N.Y. July 2, 2020).

It is further ORDERED that the parties appear for a conference with the Court on **Tuesday, July 14, 2026**, at **9:30 a.m.** The conference will take place in Courtroom 906 of the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York 10007. The parties must be prepared to discuss the status of Plaintiff's turnover motion under Federal Rule of Civil Procedure 69(a) and CPLR §§ 5525(a) and (b). Furthermore, the parties must be prepared to address whether the Court should stay this matter until the District of New Mexico has ruled on

2

Defendant's pending motion to vacate the default judgment against her. *See Tradewinds Airlines, Inc. v. Soros*, 2009 WL 435298, No. 08-CV-05901 (JFK), at *3 (S.D.N.Y. Feb. 23, 2009) (staying enforcement action pending a ruling on a motion to vacate a default judgment); *Delgado v. N.J. Transit Rail Operations, Inc.*, 329 F.R.D. 506, 508 (S.D.N.Y. 2019) (staying case as decision from another court was "likely to have a significant impact on the disposition of the case"); *Estate of Ungar v. Palestinian Authority*, 344 F. App'x 631, 633–34 (2d Cir. 2009) (dismissing appeal of district court's order staying enforcement of judgment action until rulings on a motion to vacate a judgment from another court).

Finally, Plaintiff is hereby ORDERED to promptly serve this Order on Defendant at her home via a mail delivery service that provides delivery confirmation and via email on Defendant's new counsel of record in the District of New Mexico Action, and file proof of service of both (mail and e-mail) on or before **July 1, 2026**.

The Clerk of Court is respectfully directed to terminate Dkt. Nos. 5 and 7.

Dated: June 29, 2026
New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge

3